NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAMARA EVANS, Relator; ex. rel.,

Plaintiff-Appellant,

v.

SOUTHERN CALIFORNIA
INTERGOVERNMENTAL TRAINING
AND DEVELOPMENT CENTER,

Defendant-Appellee.

No.   22-16715

D.C. No.
2:15-cv-00619-MCE-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 14, 2023
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

Relator-Appellant Tamara Evans appeals the district court's grant of summary

judgment in favor of Defendant-Appellee Southern California Intergovernmental

Training and Development Center (SDRTC) on her False Claims Act (FCA) claim

related to invoices that SDRTC submitted in 2005-2009. She argues that the district

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court erred in concluding that (1) the 2009 amendments to the FCA relevant to what constitutes a "claim" that can give rise to liability do not apply retroactively, and (2) she failed to establish the scienter, materiality, and falsity elements of her FCA claim.[1]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because we conclude that Evans failed to prove the requisite scienter, the standard for which is not part of her retroactivity challenge[2], we do not address her retroactivity challenge or whether she made a sufficient showing to defeat summary judgment on any other element of her FCA claim. *See United States ex rel. Hendow v. Univ. of Phx.*, 461 F.3d 1166, 1174 (9th Cir. 2006) (relator must establish all four elements to make a prima facie case).

Under the FCA, a relator must prove that the defendant "*knowingly* present[ed], or cause[d] to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A) (emphasis added). A violation may also occur when a person "*knowingly* makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." *Id*. § 3729(a)(1)(B) (emphasis

---

[1]We grant Taxpayers Against Fraud Education Fund's motion for leave to file an amicus curiae brief [Dkt. 21] addressing these issues. Fed. R. App. P. 29(a).

[2]The minor amendments that Congress made to the scienter standard did not alter the substantive meaning or scope of that standard. *See* Pub. L. No. 111-21, § 4, 123 Stat. 1617, 1621–25 (2009); *compare* 31 U.S.C. § 3729(b)(1) (2009) *with* 31 U.S.C. § 3729(b) (1994) (amended 2009).

added). The FCA defines "knowingly" to "mean that a person, with respect to information," either "has actual knowledge of the information," "acts in deliberate ignorance of the truth or falsity of the information," or "acts in reckless disregard or the truth or falsity of the information." *Id*. § 3729(b)(1)(A).

The record does not indicate that SDRTC knew that its budget-based invoices submitted to the California Peace Officers Training Commission (POST) violated the federal requirement that invoices be based on actual costs before the California Emergency Management Agency audited POST in 2010. *See United States ex rel. Schutte v. SuperValu Inc.*, 598 U.S. 739, 749 (2023) ("The FCA's scienter element refers to respondents' knowledge and subjective beliefs—not to what an objectively reasonable person may have known or believed."). Further, Evans neither alleged nor presented evidence that SDRTC made representations that were "intentional, palpable lie[s]," made with "knowledge of the falsity and with intent to deceive." *Hendow*, 461 F.3d at 1175 (citation omitted). At no point did SDRTC represent to POST (or any other government entity) that its invoices included supporting documentation or that it was charging POST for actual costs incurred as opposed to budgeted costs.[3]

---

[3]Evans' false-certification theory fails for the same reasons. A false certification (either express or implied) necessarily requires "false *certification* of compliance" made with scienter "(i.e. with knowledge of the falsity and with intent to deceive)" not "[m]ere regulatory violations." *Hendow*, 461 F.3d at 1171–72 (citation omitted).

That POST's contracts with SDRTC required actual-cost invoicing does not demonstrate that SDRTC knew actual-cost invoicing was required by the federal government because the inquiry here is focused on what SDRTC *subjectively* thought and believed. *See Schutte*, 598 U.S. at 749–52. And as the district court noted, "[i]t is undisputed that the terms of [SD]RTC's annual subgrants did not reference any requirements with which POST had to comply with as a precondition to receiving the V[iolence Against Women Act] grants from the federal government and disbursing those funds by way of subgrant to contractors like [SD]RTC."

Finally, Evans has not identified any evidence in the record that would have given SDRTC reason to investigate the required invoicing format, especially given POST's longstanding practice of requesting and paying SDRTC's budget-based invoices. From 1997 to 2010, POST specifically instructed SDRTC to submit budget-based invoices, without supporting documents, and it consistently paid SDRTC's invoices presented on that basis.

By failing to show actual knowledge, constructive knowledge, deliberate ignorance, or reckless disregard, Evans cannot satisfy the scienter element of her FCA claim.[4] Thus, we affirm the district court's grant of summary judgment in favor

---

[4]For the first time in her reply brief, Evans raises the novel argument that knowledge can be assigned to SDRTC based on the general knowledge of the relevant federal grant requirements allegedly acquired by D'Karla Assagai, an individual affiliated with SDRTC. Arguments raised for the first time on appeal,

of SDRTC on that basis.

**AFFIRMED.**

---

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), or for the first time in a reply brief, *In re Bard IVC Filters Prod. Liab. Litig.*, 81 F.4th 897, 908 n.13 (9th Cir. 2023), are waived. However, even if we were to consider this argument, it likely would fail because the record shows that Assagai admitted she was an employee of POST, not SDRTC: she worked at POST's headquarters, performed work assigned by POST, and reported to POST supervisors.